UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

KRISTEN KAPUSTA, Individually
and as Parent and Natural Guardian of A.F.,
an infant

                      Plaintiff,

    -against-                                    5:17-CV-0897 (LEK/ATB)

JOHN P. VANACORE, *et al.*

                      Defendants.

## ORDER

**I.**     **INTRODUCTION**

Now before the Court is a motion for approval of settlement, filed by plaintiff Kristen Kapusta on behalf of her infant son A.F. Dkt. No. 41 (Motion"). All defendants have consented to the settlement. Dkt. Nos. 42–43 ("Consents").

For the forgoing reasons, the Court grants the Motion and approves the settlement.

**II.**     **LEGAL STANDARD**

In determining whether an infant settlement agreement should be approved, "the Court's role is to exercise the most jealous care that no injustice be done to the infant." Southerland v. City of New York, No. 99-CV-3329, 2006 WL 2224432, at *2 (E.D.N.Y. Aug. 2, 2006). The analysis of a infant settlement agreement centers on "whether: (1) the best interests of the infant are protected by the terms and conditions of the proposed settlement; and (2) the proposed settlement, including any legal fees and expenses to be paid, as part of the proposal, are fair and reasonable." Orlander v. McKnight, No. 12–CV–4745, 2013 WL 4400537, at *3 (Aug. 15, 2013). A court cannot approve a proposed infant compromise unless it is "fair, reasonable, and

adequate," based on a comparison of "the terms of the compromise with the likely rewards of litigation." Neilson v. Colgate–Palmolive Co., 199 F.3d 642, 654 (2d Cir. 1999). In making this determination, the court should "form an educated estimate of the complexity, expense, and likely duration of such litigation . . . and all other factors relevant to a full and fair assessment of the wisdom of the proposed compromise." Martegani v. Cirrus Design Corp., 687 F. Supp.2d 373, 377 (S.D.N.Y. 2010).

## III. DISCUSSION

A.F. suffered injuries as a result of a multi-vehicle accident. Dkt. No. 1 ("Complaint"). The Court assumes familiarity with the facts of this case, as detailed in the Complaint, and the Kapusta affidavit, Dkt. No. 41-1 ("Kapusta Affidavit").

The Court has also reviewed the Motion the Consents; the Affidavit of Ryan M. Finn, attorney for A.F., Dkt. No. 41-2 ("Finn Affidavit"); the August 23, 2018 infant settlement hearing transcript, Dkt. No. 45; and A.F.'s medical records, Dkt. No. 46. The Court concludes that the $75,000 settlement proposed by Plaintiff and agreed to by Defendants is fair, reasonable, and in the best interests of the infant.

## IV. CONCLUSION

Accordingly, it is hereby

**ORDERED**, that Plaintiff's Motion for approval of settlement (Dkt. No. 41) is **GRANTED**; and it is further

**ORDERED**, that Kristen Kapusta, as parent and natural guardian of A.F., an infant, is hereby authorized and empowered to settle and compromise this claim in compliance with the terms of this Order; and it is further

**ORDERED**, that this claim is settled and compromised for the sum of $75,000.00 payable as follows:

> (a) Lump sum payment of $25,593.44 immediately upon settlement of this action payable to E. Stewart Jones Hacker Murphy, LLP, which payment shall represent the fee of 33⅓ percent of the $75,000 settlement, and shall be inclusive of the disbursements of both E. Stewart Jones Hacker Murphy, LLP and the referring firm, The Rothenberg Law Firm, which total $890.16;
>
> (b) Lump sum payment of $49,406.56 to Kristen Kapusta to be placed in a federally insured account in A.F.'s name with Kristen Kapusta named as custodian; and it is further

**ORDERED**, that Ms. Kapusta is authorized and empowered to execute and deliver a general release and any other instrument necessary to effectuate this settlement consistent with the terms of this Order; and it is further

**ORDERED**, that the settlement proceeds will be used exclusively for the infant's benefit; and it is further

**ORDERED**, that that this settlement represents full satisfaction of all damages and claims against any and all tortfeasors in this matter.

**IT IS SO ORDERED.**

DATED: November 02, 2018
Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge